IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MANUAL WILLIAMS and )
LILLIAN WILLIAMS, )
 )
        Plaintiffs )
 )
vs. ) CASE NO. CV01-HGD-0335-S
 )
TOWN OF KIMBERLY, ALABAMA, )
 )
        Defendant )

FILED
02 OCT -4 PM 4:12
U.S. D... 
N.D. OF ALABAMA

**ENTERED**
OCT 4 2002

**MEMORANDUM OPINION**

The above-entitled civil action is before the undersigned United States Magistrate Judge for disposition based upon the consent of the parties. The dispute at hand arises from plaintiffs' attempt to place a modular home on a lot within the Town of Kimberly (Kimberly) in an area in which the local zoning ordinance prohibits them. It is undisputed that, prior to purchasing the lot that is the subject of this litigation, the parties resided at 9244 Jefferson Street, located outside the town limits of Kimberly and within the jurisdiction of Jefferson County, Alabama. They subsequently purchased the subject property, which is a short distance away at 9230 Jefferson Street, within the Kimberly town limits.

Prior to plaintiffs' purchase of this land, Kimberly had enacted a zoning ordinance which prohibited modular homes and mobile homes on this lot. The evidence submitted reflects that the home plaintiffs subsequently put on this

41

property fits the ordinance's description of a modular home.  Plaintiffs were not aware of this zoning ordinance at the time they purchased this lot.

Upon learning of the zoning ordinance, plaintiffs then sought to have the property re-zoned to permit the placement of their modular home on this lot, but the Town of Kimberly subsequently denied this request.  They made a second request which was also denied.  Nevertheless, they ultimately placed their modular home on the lot in violation of the ordinance.  Thereafter, they sought to have sewer and power lines hooked up to this residence, but Kimberly refused and sent plaintiffs written notice of the zoning violation.

In response to this action by Kimberly, plaintiffs filed suit against it alleging that Kimberly's refusal to permit the modular home on the lot was a denial of equal protection, a denial of substantive due process, a violation of the Commerce Clause, taking without just compensation, and estopped.  Defendant has moved for summary judgment.  [Doc. #17].

This matter is considered by the court pursuant to the provisions of Rule 56, Fed. R. Civ. P.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  Thus, summary judgment

is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law governing the action determines whether an element is essential. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the

3

plaintiff." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in their favor. *Id*. at 255, 106 S.Ct. at 2514, citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970). It is, therefore, under this standard that the court must determine whether the plaintiffs can meet their burden of coming forward with sufficient evidence as to each material element of their claim sufficient to permit a reasonable jury to find in their favor.

### DISCUSSION

The Town of Kimberly has submitted the affidavit of Rick Chandler, Director of the Town of Kimberly Planning and Zoning Board. [Doc. #39, Exh. 13]. He asserts (and the ordinance reflects) that the stated purpose of the ordinance at issue is to protect, promote, and improve the public health, safety, morals, convenience, order, appearance, prosperity, and general welfare of the Town of Kimberly. The zoning ordinance was adopted, and the subject property was zoned R-1 residential before the Williamses purchased it.

According to Chandler, when considering plaintiffs' zoning request, he considered the location of the subject property, the other houses and property uses in the surrounding area, and how the introduction of a modular home would affect the property values of surrounding homes. He also considered

that allowing such homes would require the ingress and egress of large trucks needed to deliver these homes and the damage they might cause, as well as traffic problems associated with them during deliveries. He also considered that these types of homes frequently are repossessed, leaving a vacant and sometimes unsightly piece of property where the home once stood.

Chandler states that the district where the Williamses placed their home is comprised of site-built homes, the value of which likely would be hurt by allowing the placement of modular homes in the area. He also asserts that he feels that such homes are more likely to become run-down and unsightly than site-built homes because of lower quality materials and craftsmanship utilized in constructing modular homes.

As a result, he concluded that the best interests of the Town of Kimberly in maintaining property values of surrounding homes and the integrity of the district were served by denying plaintiffs' requests for re-zoning. Sammie Maze, Mayor of the Town of Kimberly, reached the same conclusion for the same reasons as Chandler. [Dco. #39, Exh. 14].

Plaintiffs assert that the action of the Town of Kimberly is arbitrary and capricious, having no rational relation to the general welfare. They assert that, despite whether Kimberly has stated a legitimate governmental goal sought to be advanced by this ordinance, it also must demonstrate that the zoning restrictions actually further the hypothesized purpose, citing as authority

*Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1214 (11th Cir. 1995), and *Corn v. City of Lauderdale Lakes*, 997 F.2d 1369, 1388 (11th Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994).  Plaintiffs asserts that there is no conceivable rational basis for Kimberly's zoning prohibition.  They point to many of the surrounding properties which include on-site homes in run-down condition, modular homes located on the same street, nearby mobile homes, and a machine and welding shop located less that a mile from plaintiffs' property.

At the hearing held on this matter on September 9, 2002, and in subsequent evidentiary submissions by the parties, a map of the Town of Kimberly was submitted by defendant.  This map reflects the zoning of the area around plaintiffs' property.  It also reflects that, while plaintiffs' entire lot is within the town limits of Kimberly, only part of plaintiffs' lot borders on lots within the town.  The remaining portion of their lot borders on Jefferson County, Alabama, outside the Kimberly town limits and, therefore, outside the area over which the town has the authority to enact zoning regulations.  A number of the properties referenced by plaintiffs are located outside the Kimberly town limits, most notably the mobile homes.  However, the machine shop and several ramshackle residences are located within the R-1 zone which includes plaintiffs' lot.

Substantive due process challenges to zoning regulations are analyzed under the rational basis standard. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1577 (11th Cir. 1989). Under this standard, a zoning decision will be upheld if it has a "rational relationship to a legitimate general welfare concern." *Corn*, 997 F.2d at 1388. The Eleventh Circuit Court of Appeals set out a two-step procedure for determining whether a zoning decision survives such rational basis scrutiny. *Haves v. City of Miami*, 52 F.3d 918, 921-24 (11th Cir. 1995). "The first step in determining whether legislation survives rational-basis scrutiny is identifying a legitimate government purpose -- a goal -- which the enacting government body *could* have been pursuing." *Id.* at 921 (emphasis in original). The Town of Kimberly asserts that the purpose of this ordinance is to, among other things, improve the safety, convenience and appearance of the town, as well as protect the property values of surrounding site-built homes in the area. It is well settled that the maintenance of community aesthetics is a legitimate government purpose. *Id.* at 922-23 (prevention of "visual intrusions" created by houseboats a legitimate governmental goal); *see also Corn*, 997 F.2d at 1387 ("[T]he Supreme Court and this court have repeatedly held . . . noise, traffic, congestion, safety, aesthetics, valuation of adjoining land, and effect on city services . . . are rational and permissible bases for land use restrictions.").

7

"The second step of rational-basis scrutiny asks whether a rational basis exists for the enacting governmental body to believe that the legislation would further the hypothesized purpose." *Haves*, 52 F.3d at 922. Plaintiffs assert that the Town of Kimberly must show that the zoning actually furthers the hypothesized purpose. However, this is incorrect. As noted above, there need only be a rational basis for believing that this legislation will further the stated purpose.

Plaintiffs rely heavily on the fact that there are several site-built houses that have become run-down and a machine shop all located in the R-1 area that encompasses plaintiffs' property. However, this reliance is misplaced. One of the stated purposes of the ordinance is to improve the overall appearance of the area by requiring that, as new homes are built, they comply with the ordinance. The Town never would be able to obtain this goal if it were barred from enacting such an ordinance simply because nonconforming properties exist in the area it seeks to improve. It is rational to believe that prohibiting cheaper, less well-constructed houses and mobile homes will improve the overall appearance of this area of the town. Reasonable people might disagree on the ultimate wisdom of the Town's zoning decisions. However, such disagreement does not create a material issue of fact for purposes of surviving a summary judgment motion. The inquiry is whether the zoning board *could*

rationally believe that the ordinance furthered some legitimate government purpose. *Id.* at 923.

> The leniency of rational-basis scrutiny provides the political branches the flexibility to address problems incrementally and to engage in the delicate line-drawing process of legislation without undue interference from the judicial branch. *Beach Communications*, 508 U.S. at ___, 113 S.Ct. at 2102. It gives the legislative branch its rightful independence and allows the political branches of government to function properly. *Id.* A contrary decision to the one we reach would turn the federal court into something it should never become: a zoning board of appeals.

*Id.* at 923-24.

It is also significant to note that plaintiffs were made aware of the zoning restriction before they placed their modular home on this site. Because the Town of Kimberly expressed legitimate government purposes sought to be furthered by this ordinance, and there is a rational basis for believing that it will achieve that goal, the court concludes that defendant's motion for summary judgment is due to be granted.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this _4th_ day of October, 2002.

                                                  HARWELL G. DAVIS, III
                                                  UNITED STATES MAGISTRATE JUDGE